# UNITED STATE DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ************************************** | * CIVIL ACTION NO: |
| U.S. Bank Trust, N.A., as Trustee for | * |
| LSF9 Master Participation Trust | * |
| | * |
| | * |
| **Plaintiff** | * **COMPLAINT** |
| | * |
| **vs.** | * 424 River Road |
| | * Hollis, ME 04042 |
| Anthony M. Brichetto | * |
| | * |
| | * Mortgaged Recorded |
| **Defendant** | * Book 14020, Page 944 |
| | * |
| Internal Revenue Service | * |
| | * |
| **Party-In-Interest** | * |
| | * |
| ************************************** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendant, Anthony M. Brichetto, as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651 any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant is the obligor and the total amount owed under the terms of the Note is two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

### PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134

5. The Defendant, Anthony M. Brichetto, is a resident of Hollis, County of York, and State of Maine

6. The Party-in-Interest, Internal Revenue Service, is located at 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

<u>FACTS</u>

7.    On March 22, 2004, by virtue of a Warranty Deed from Raymond G. Michaud and Sheila M. Michaud, which is recorded in the York County Registry of Deeds in **Book 14020, Page 942,** the property situated at 424 River Road, Hollis, County of York, and State of Maine, was conveyed to the Defendant, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8.    On March 22, 2004, the Defendant executed and delivered to Downeast Mortgage Corp., a certain Note in the amount of $177,100.00 (herein after referred to as "Note"). Debtor's personal liability is limited and/or extinguished by any bankruptcies filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the note is attached hereto and incorporated herein).

9.    To secure said Note, on March 22, 2004, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Downeast Mortgage Corp., securing the property located at 424 River Road, Hollis, ME 04042**,** which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14020, Page 944** (herein after referred to as "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10.   The Mortgage was then assigned to SunTrust Mortgage Inc., by virtue of a Corporate Assignment of Mortgage dated June 15, 2011, and recorded in the York County Registry of Deeds in **Book 16115, Page 400** (herein after referred to as the "SunTrust Assignment"), as corrected by a Corrective Corporate Assignment of Mortgage dated July 18, 2011, and recorded in the York County Registry of Deeds in **Book 16149, Page 422** (herein after referred to as the "Corrective SunTrust Assignment"). *See* Exhibits D and E (true and

correct copies of the SunTrust Assignment and Corrective SunTrust Assignment are attached hereto and incorporated herein).

11. The Mortgage was then further assigned to DLJ Mortgage Capital, Inc., by virtue of a Corporate Assignment of Mortgage dated January 28, 2013, and recorded in the York County Registry of Deeds in **Book 16677, Page 452** (herein after referred to as the "DLJ Assignment"). *See* Exhibit F (a true and correct copy of the DLJ Assignment is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to Secretary of Housing and Urban Development by virtue of a Corporate Assignment of Mortgage dated August 28, 2014, and recorded in the York County Registry of Deeds in **Book 16983, Page 981** (herein after referred to as the "HUD Assignment"). *See* Exhibit G (a true and correct copy of the HUD Assignment is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by virtue of an Assignment of Mortgage/Deed of Trust dated January 20, 2015, and recorded in the York County Registry of Deeds in **Book 16983, Page 982** (herein after referred to as the "U.S. Assignment"). *See* Exhibit H (a true and correct copy of the U.S. Assignment is attached hereto and incorporated herein).

14. The transfer of all rights to the Plaintiff is further confirmed and ratified by virtue of a Quitclaim Assignment from Downeast Mortgage Corp., to Plaintiff, dated June 2, 2015, and recorded in the York County Registry of Deeds in **Book 17034, Page 231** (herein after referred to as the "Quitclaim Assignment"). *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15.     On March 9, 2016, the Defendant was sent a Notice of Right to Cure, as evidenced by a Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16.     The Demand Letter informed the Defendant of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

17.     The Defendant failed to cure the default prior to the expiration of the Demand Letter.

18.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Note pursuant to possession of the note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the lawful holder and owner of the Note and Mortgage.

20.     The total debt owned under the Note and Mortgage as of June 23, 2016, is two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, which includes: unpaid principal in the amount of one hundred fifty-six thousand, three hundred eighty-two and 78/100 ($156,382.78) dollars; interest due in the amount of fifty-two thousand, nine hundred fifty-three and 52/100 ($529,53.52) dollars; escrow/impound required in the amount of eighteen thousand, sixty-six dollars and 32/100 ($18,066.32) dollars; late charges due in the amount of three thousand, two hundred eighteen and 76/100 ($3,218.76) dollars; a credit for funds to be credited in the amount of three hundred fifty dollars and 12/100 ($350.12) dollars; and total advances in the amount of five thousand, two hundred fifty-nine and 87/100 ($5,259.87) dollars.

21.     Upon information and belief, the Defendant is presently in possession of the subject property originally secured by the Mortgage.

<u>COUNT I – FORECLOSURE</u>

22.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges

paragraphs 1 through 21 as if fully set forth herein.

23.     This is an action for foreclosure respecting a real estate related mortgage and title located at

424 River Road, Lebanon, County of York, and State of Maine. *See* Exhibit A.

24.     The Plaintiff is the holder of the Note referenced in Paragraph 5 pursuant to endorsement

by the previous holder (if applicable) and physical possession of the aforesaid note in

conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky*

*v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon

the subject property.

25.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner

and investor of the aforesaid Mortgage and Note.

26.     Defendant Anthony M. Brichetto is presently in default on said Mortgage and note, having

failed to make the monthly payment due December 1, 2010, and all subsequent payments,

and therefore, has breached the condition of the aforesaid Mortgage and Note.

27.     The total debt owned under the Note and Mortgage as of June 23, 2016, is two hundred

thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, which

includes: unpaid principal in the amount of one hundred fifty-six thousand, three hundred

eighty-two and 78/100 ($156,382.78) dollars; interest due in the amount of fifty-two

thousand, nine hundred fifty-three and 52/100 ($529,53.52) dollars; escrow/impound

required in the amount of eighteen thousand, sixty-six dollars and 32/100 ($18,066.32)

dollars; late charges due in the amount of three thousand, two hundred eighteen and 76/100

($3,218.76) dollars; a credit for funds to be credited in the amount of three hundred fifty

dollars and 12/100 ($350.12) dollars; and total advances in the amount of five thousand, two

hundred fifty-nine and 87/100 ($5,259.87) dollars.

28. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $7,334.91, dated November 25, 2010, and recorded in the York County Registry of Deeds in **Book 16001, Page 62,** and is in second position behind Plaintiff's Mortgage.

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of the these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate as effected by the Defendant's discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks an in rem judgment against the subject property.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant on March 9, 2016, as evidenced by a Certificate of Mailing.  *See* Exhibit J.

32. The Defendant is not in the Military as evidenced by the attached Exhibit K.

<u>COUNT II – BREACH OF NOTE</u>

33. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. On March 22, 2004, the Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Downeast Mortgage Corp., a certain Note in the amount of $177,100.00.  *See* Exhibit B.

35. Defendant Anthony M. Brichetto are in default under the terms of the Note for failure to properly tender the December 1, 2010, payment, and all subsequent payments. *See* Exhibit F.

36.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

37.     The Defendant, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38.     Defendant Anthony M. Brichetto's breach is knowing, willful, and continuing.

39.     Defendant Anthony M. Brichetto has caused Plaintiff to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

40.     The total debt owned under the Note and Mortgage as of June 23, 2016, is two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, which includes: unpaid principal in the amount of one hundred fifty-six thousand, three hundred eighty-two and 78/100 ($156,382.78) dollars; interest due in the amount of fifty-two thousand, nine hundred fifty-three and 52/100 ($529,53.52) dollars; escrow/impound required in the amount of eighteen thousand, sixty-six dollars and 32/100 ($18,066.32) dollars; late charges due in the amount of three thousand, two hundred eighteen and 76/100 ($3,218.76) dollars; a credit for funds to be credited in the amount of three hundred fifty dollars and 12/100 ($350.12) dollars; and total advances in the amount of five thousand, two hundred fifty-nine and 87/100 ($5,259.87) dollars.

41.     Injustice can only be avoided by awarding damages for the total amount owned under the note, including interest, plus costs and expenses, including attorney's fees as effected by the Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendant, but only seeks an in rem judgment against the subject property.

<u>COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED</u>

42. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, Defendant Anthony M. Brichetto entered into a written contract with Downeast Mortgage Corp., who agreed to loan the amount of ninety-three thousand, five hundred ($177,100.00) dollars to the Defendant. *See* Exhibit B.

44. As part of this contract and transaction, Defendant Anthony M. Brichetto executed a Mortgage Deed to secure the Note and the subject property. *See* Exhibit C.

45. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Downeast Mortgage Corp., and has performed its obligations under the Note and Mortgage.

46. Defendant Anthony M. Brichetto breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2010, payment, and all subsequent payments. *See* Exhibit J.

47. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

48. Defendant Anthony M. Brichetto, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. Defendant Anthony M. Brichetto is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, for money lent by Plaintiff to the Defendant.

50. Defendant Anthony M. Brichetto's breach is knowing, willful, and continuing.

51.     Defendant Anthony M. Brichetto's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

52.     The total debt owned under the Note and Mortgage as of June 23, 2016, is two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, which includes: unpaid principal in the amount of one hundred fifty-six thousand, three hundred eighty-two and 78/100 ($156,382.78) dollars; interest due in the amount of fifty-two thousand, nine hundred fifty-three and 52/100 ($529,53.52) dollars; escrow/impound required in the amount of eighteen thousand, sixty-six dollars and 32/100 ($18,066.32) dollars; late charges due in the amount of three thousand, two hundred eighteen and 76/100 ($3,218.76) dollars; a credit for funds to be credited in the amount of three hundred fifty dollars and 12/100 ($350.12) dollars; and total advances in the amount of five thousand, two hundred fifty-nine and 87/100 ($5,259.87) dollars.

53.     Injustice can only be avoided by awarding damages for the total amount owned under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney's fees as effected by the Defendant's discharge in bankruptcy and accordingly this action <u>does not</u> seek any personal lability on the part of the Defendant, but only seeks an in rem judgment against the subject property.

COUNT IV – QUANTUM MERUIT

54.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

55.     Downeast Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant Anthony M. Brichetto $177,100.00. *See* Exhibit B.

56.     Defendant Anthony M. Brichetto are in default under the terms of the Note and Mortgage by failing to properly tender the December 1, 2010, payment, and all subsequent payments. *See* Exhibit J.

57.     As a result of the Defendant's failure to perform under the Note and Mortgage, the Defendant have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

58.     As such, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit* as effected by the Defendant's discharge in bankruptcy and accordingly this action <u>does not</u> seek any personal lability on the part of the Defendant, but only seeks an in rem judgment against the subject property.

<u>COUNT V – UNJUST ENRICHMENT</u>

59.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

60.     Downeast Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant Anthony M. Brichetto $177,100.00. *See* Exhibit B.

61.     Defendant Anthony M. Brichetto has failed to repay the loan obligation under the terms of the Note and Mortgage.

62.     As a result, Defendant Anthony M. Brichetto have been unjustly enriched to the determined of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as successor-in-interest to Downeast Mortgage Corp., by having received the aforesaid benefits and money and not repaying the said benefits and money.

63.     As such, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief as effected by the Defendant's discharge in bankruptcy and accordingly this action <u>does not</u> seek any personal laibility on the part of the Defendant, but only seeks an in rem judgment against the subject property.

PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court, as effected by the Defendant's discharge in bankruptcy:

a)  Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b)  Grant possession to the Plaintiff upon the expiration of the period of redemption;

c)  Find that the Defendant is in breach of the Note by failing to make the payment due as of December 1, 2010, and all subsequent payments;

d)  Find that the Defendant is in breach of the Mortgage by failing to make the payment due December 1, 2010, and all subsequent payments;

e)  Find that Defendant entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that that Defendant is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2010, and all subsequent payments;

g)  Find that Plaintiff is entitle to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the Note and Mortgage, the Defendant has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles Plaintiff to restitution;

j)  Find that the Defendant is liable to the Plaintiff for money had and received;

k)  Find that the Defendant is liable to the Plaintiff for quantum meruit;

l)   Find the Defendant have appreciated and retained the benefit of the Mortgage;

m)  Find that it would be inequitable for the Defendant to continue to appreciate and retain the

     benefit of the Mortgage without recompensing the appropriate value;

n)   Find that the Plaintiff is entitle to restitution for this benefit from the Defendant;

o)   Determine the amount due on said Mortgage and Note, including principal , interest, reasonable

     attorney's fees, and court costs;

p)   Additionally, issue a money judgment against the Defendant and in favor of U.S. Bank Trust,

     N.A., as Trustee for LSF9 Master Participation Trust, in the amount of two hundred thirty-five

     thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, the total debt owned under

     the note plus interest and costs, including attorney's fees and costs; and

q)   For such other and further relief as this Honorable Court deems just and equitable.


                                        Respectfully Submitted,
                                        U.S. Bank Trust, N.A., as Trustee for LSF9 Master
                                        Participation Trust,
                                        By its attorneys,

Dated: July 27, 2016                    /s/ John A. Doonan
                                        John Doonan, Esq. (BBO# 3250)
                                        Doonan, Graves & Longoria, LLC
                                        100 Cummings Center Suite 225D
                                        Beverly, MA 01915
                                        Tel. (978) 921-2670