UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. BANK TRUST, N.A., as Trustee
for LSF9 Master Participation Trust,

PLAINTIFF

v.

ANTHONY M. BRICHETTO,                 Civil Action No. 2:16-cv-00387-JDL

DEFENDANT

v.

INTERNAL REVENUE SERVICE,

PARTY-IN-INTEREST

## ANSWER

NOW COMES the Defendant, Anthony M. Brichetto, by and through his attorney, Frank D'Alessandro, Pine Tree Legal Assistance, and in Answer to Plaintiff's Complaint states as follows:

### JURISDICTION AND VENUE

1. Defendant Anthony Brichetto has insufficient information to determine the truth of the allegations set forth in paragraph # 1 of Plaintiff's Complaint and therefore denies the same. In further answer to the allegations set forth in paragraph # 1 of Plaintiff's Complaint, Defendant Anthony Brichetto states that the question of whether the Plaintiff can be considered to be a citizen of the State of Maine for diversity purposes is dependent upon the place of residence of the owners of LSF9 Master Participation Trust and the Complaint contains no allegations as to the places of residence of those owners.

2. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 2 of Plaintiff's Complaint.

3. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 3 of Plaintiff's Complaint.

**PARTIES**

4. Defendant Anthony Brichetto has insufficient information to determine the truth of the allegations set forth in paragraph # 4 of Plaintiff's Complaint and therefore denies the same.

5. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 5 of Plaintiff's Complaint.

6. Defendant Anthony Brichetto has insufficient information to determine the truth of the allegations set forth in paragraph # 6 of Plaintiff's Complaint and therefore denies the same.

**FACTS**

7. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 7 of Plaintiff's Complaint.

8. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 8 of Plaintiff's Complaint.

9. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 9 of Plaintiff's Complaint.

10. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 10 of Plaintiff's Complaint.

11. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 11 of Plaintiff's Complaint.

12. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 12 of Plaintiff's Complaint.

13. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 13 of Plaintiff's Complaint.

14. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 14 of Plaintiff's Complaint.

15. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 15 of Plaintiff's Complaint.

16. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 16 of Plaintiff's Complaint.

17. In response to the allegations set forth in paragraph # 17 of Plaintiff's Complaint, Defendant Anthony Brichetto states that the Demand Letter referred to in paragraph # 15 of Plaintiff's Complaint failed to accurately inform the Defendant of the payment due and therefore the amount necessary to cure the default and that the notice therefore failed to comply with the requirement of 14 M.R.S. § 6111.

18. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 18 of Plaintiff's Complaint.

19. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 19 of Plaintiff's Complaint.

20. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 20 of Plaintiff's Complaint.

21. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 21 of Plaintiff's Complaint.

## COUNT I -FORECLOSURE

22. Defendant Anthony Brichetto restates and realleges paragraphs 1-21 of his Answer as if fully set forth herein.

23. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 23 of Plaintiff's Complaint.

24. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 24 of Plaintiff's Complaint.

25. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 25 of Plaintiff's Complaint.

26. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 26 of Plaintiff's Complaint.

27. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 27 of Plaintiff's Complaint.

28. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 28 of Plaintiff's Complaint.

29. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 29 of Plaintiff's Complaint.

30. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 30 of Plaintiff's Complaint.

31. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 31 of Plaintiff's Complaint.

32. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 32 of Plaintiff's Complaint.

## COUNT II – BREACH OF NOTE

33. Defendant Anthony Brichetto restates and realleges paragraphs 1-32 of his Answer as if fully set forth herein.

34. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 34 of Plaintiff's Complaint.

35. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 35 of Plaintiff's Complaint.

36. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 36 of Plaintiff's Complaint.

37. In response to the allegations set forth in paragraph # 37 of Plaintiff's Complaint, Defendant Anthony Brichetto states that the Plaintiff is not entitled to a judgment for foreclosure in this case.

38. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 38 of Plaintiff's Complaint.

39. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 39 of Plaintiff's Complaint.

40. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 40 of Plaintiff's Complaint.

41. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 41 of Plaintiff's Complaint.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. Defendant Anthony Brichetto reasserts and realleges paragraphs 1-42 of his Answer as if fully set forth herein.

43. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 43 of Plaintiff's Complaint.

44. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 44 of Plaintiff's Complaint.

45. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 45 of Plaintiff's Complaint.

46. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 46 of Plaintiff's Complaint.

47. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 47 of Plaintiff's Complaint.

48. In response to the allegations set forth in paragraph # 48 of Plaintiff's Complaint, Defendant Anthony Brichetto states that the Plaintiff has not alleged facts in its complaint that would entitle it to a judgment for foreclosure in this case.

49. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 49 of Plaintiff's Complaint.

50. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 50 of Plaintiff's Complaint.

51. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 51 of Plaintiff's Complaint.

52. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 52

of Plaintiff's Complaint.

53. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 53 of Plaintiff's Complaint.

## COUNT IV – QUANTUM MERIT

54. Defendant Anthony Brichetto reasserts and realleges paragraphs 1-53 of his Answer as if fully set forth herein.

55. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 55 of Plaintiff's Complaint.

56. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 56 of Plaintiff's Complaint.

57. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 57 of Plaintiff's Complaint.

58. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 58 of Plaintiff's Complaint.

## COUNT V – UNJUST ENRICHMENT

59. Defendant Anthony Brichetto reasserts and realleges paragraphs 1-58 of his Answer as if fully set forth herein.

60. Defendant Anthony Brichetto admits the allegations set forth in paragraph # 60 of Plaintiff's Complaint.

61. In response to the allegations set forth in paragraph # 61 of Plaintiff's Complaint, Defendant Anthony Brichetto states that the Plaintiff has not alleged facts in its complaint that would entitle it to a judgment for foreclosure in this case.

62. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 62

of Plaintiff's Complaint.

63. Defendant Anthony Brichetto denies the allegations set forth in paragraph # 63 of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

64. Defendant Anthony Brichetto reasserts and realleges paragraphs 1-63 of his Answer as if fully set forth herein.

65. Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted because of the Plaintiff's failure to comply with the provisions of 14 M.R.S. § 6321-A(2) in bringing its complaint for foreclosure.

66. Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted because this court is barred from entering judgment for foreclosure by virtue of 14 M.R.S. § 6321-A(9).

67. Plaintiff's Complaint fails to state facts showing that this Court has subject matter jurisdiction because it does not state facts showing that there is diversity jurisdiction between the Defendant, a Maine resident, and all of the owners of the LSF9 Master Participation Trust.

68. Count III of Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Downeast Mortgage Corp. loaned the money at issue to Defendant Anthony Brichetto and there is no allegation of the assignment of any contractual claims of Downeast Mortgage Corp. to the Plaintiff or the LSF9 Master Participation Trust.

69. Count IV of Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Downeast Mortgage Corp. loaned the money at issue to

Defendant Anthony Brichetto and there is no allegation of the assignment of any quantum merit claims of Downeast Mortgage Corp. to the Plaintiff or the LSF9 Master Participation Trust.

70. Count V of the Plaintiff's Complaint fails to state a claim upon which relief can be granted since the complaint alleges that Downeast Mortgage Corp. loaned the money at issue to the Defendant Anthony Brichetto and there is no allegation of the assignment of any unjust enrichment claims of Downeast Mortgage Corp. to the Plaintiff or the LSF9 Master Participation Trust.

71. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground that the Plaintiff is not the owner of the debt and/or mortgage upon which the Plaintiff's claims for relief are based.

72. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground that the Plaintiff failed to deliver sufficient notice of transfer and/or default and/or failed to follow the foreclosure procedures set forth in Maine law, 14 M.R.S. § 6321 et seq.

73. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of estoppel.

74. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of violation of the Maine Consumer Credit Code.

75. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the grounds of violation of the Maine and Federal Truth in Lending Acts.

76. Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground of violation of the Federal Real Estate Settlement Procedures Act.

77. Plaintiff has failed to certify proof of ownership of the mortgage note or produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage as required by 14 M.R.S. § 6321.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Anthony Brichetto prays that the Complaint be dismissed, for his costs, attorney's fees and for such further relief as the nature of the case may require.

RESPECTFULLY SUBMITTED,

DATED: August 22, 2016           /s/ Frank D'Alessandro
                                 FRANK D'ALESSANDRO, Bar # 3243
                                 ATTORNEY AT LAW
                                 PINE TREE LEGAL ASSISTANCE, INC.
                                 P.O. BOX 547
                                 88 FEDERAL STREET
                                 PORTLAND, ME. 04112
                                 (207) 400-3203

# CERTIFICATE OF SERVICE

I, Frank D'Alessandro, Esq., Pine Tree Legal Assistance, attorney for Anthony M. Brichetto, Defendant, hereby certify that on August 22, 2016 I electronically filed the above Answer with Affirmative Defenses of Defendant Anthony Brichetto with the clerk of court using the CM/ECF system which will send notification of such filing to the following:

John A. Doonan, Esq.

To all other parties not electronically docketed pursuant to the Electronic Notice generated by the ECF/PACER system, namely Party in Interest Internal Revenue Service, I caused to be served a true and correct copy of the Defendant's Answer by mailing on this day, by First Class Mail, postage prepaid to:

Internal Revenue Service
100 Middle Street, East Tower,
6th Floor
Portland, Me. 04101

DATED: August 22, 2016      /s/ Frank D'Alessandro
                            FRANK D'ALESSANDRO, Bar # 3243
                            ATTORNEY AT LAW
                            PINE TREE LEGAL ASSISTANCE, INC.
                            P.O. BOX 547
                            88 FEDERAL STREET
                            PORTLAND, ME. 04112
                            (207) 400-3203